# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2701 | **DATE** | 5/22/2012 |
| **CASE TITLE** | Phillips v. Wexford Health Sources, Inc. et al. | | |

**DOCKET ENTRY TEXT:**

The Court denies defendants' motion [30] to dismiss. Defendants' motion [47] is granted in part and denied in part. Count III is dismissed without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Bobby L. Phillips ("Phillips") had already been diagnosed with AIDS when he entered the custody of the Illinois Department of Corrections in July 2009. The bulk of his complaint alleges that Phillips was periodically denied the four daily medications he must take to survive. Phillips has filed a four-count amended complaint against fourteen defendants, thirteen of which move to dismiss. In Count I, Phillips seeks relief under § 1983 against defendants Wexford Health Sources, Inc. ("Wexford"), Guy Pierce ("Warden Pierce"), Marcus Hardy ("Warden Hardy"), Dr. Sylvia Mahone ("Dr. Mahone"), Dr. Steven Taller ("Dr. Taller"), Dr. Ronald Schaefer ("Dr. Schaefer"), Dr. Partha Ghosh ("Dr. Ghosh"), Dr. Richard Shute ("Dr. Shute") and Regina Beattie ("Beattie") for alleged failure to provide adequate medical care in violation of his Eighth Amendment right to be free of cruel and unusual punishment. In Count II, Phillips alleges that defendants Warden Pierce, Warden Hardy, Paula Rich ("Rich") and Beatrice Williams ("Williams") denied him access to legal resources and that defendant Colleen Franklin hindered his ability to access the grievance process. In Count III, Phillips alleges that defendants Warden Hardy, Daphine Walker ("Walker") and Johnnie Franklin deprived Phillips of his personal property without a meaningful post-deprivation remedy. In Count IV, Phillips alleges that all of the defendants retaliated against him for exerting his constitutional rights to due process. Specifically, Phillips alleges that defendants Wexford, Warden Pierce, Warden Hardy, Dr. Mahone, Dr. Taller, Dr. Ghosh, Dr. Shute and Beattie retaliated against Phillips by refusing to provide his AIDS medication on a timely basis. Phillips alleges that Warden Pierce, Warden Hardy, Rich, Williams and Colleen Franklin retaliated against Phillips by hindering his access to legal resources. Finally, Phillips alleges that Warden Hardy, Walker and Johnnie Franklin retaliated against Phillips by confiscating his personal property without a meaningful post-deprivation remedy.

Thirteen defendants (in two separate motions) seek to dismiss Phillips' claims against them on the grounds that they are improperly joined. Rule 18(a) of the Federal Rules of Civil Procedure allows a "party asserting a claim" to "join, as independent or alternative claims, as many claims as it has against an opposing

**STATEMENT**

party." *Fed.R.Civ.P. 18(a)*. Rule 20(a)(2) of the Federal Rules of Civil Procedure allows defendants to be joined in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." *Fed.R.Civ.P. 20 (a)(2)(A)&(B)*. Based on these rules, the Court concludes that all of the parties and claims are properly joined. In Count I, Phillips asserts a claim against Wexford, and although the claims against Wexford arise out of separate occurrences at Stateville and Pontiac, Rule 18(a) allows all of plaintiff's claims against Wexford to be brought in one case. The other defendants in Count I are properly joined pursuant to Rule 20(a)(2). Among the defendants in Count I are Warden Hardy (of Pontiac) and Warden Pierce (of Stateville). The other claims against those defendants (including Counts II, III and IV against Warden Pierce and Counts II and IV against Warden Hardy) are properly joined pursuant to Rule 18(a). Next, because Counts II, III and IV against Warden Pierce are properly joined, so too are Counts II, III and IV against the other Stateville defendants pursuant to Rule 20(a)(2). Similarly, once Warden Hardy is joined, Counts II and IV against the other Pontiac defendants are properly joined pursuant to Rule 20(a)(2). Count IV against all defendants is properly joined pursuant to Rule 18(a). Thus, defendants' motion [30] to dismiss is denied, and defendants' motion [47] is denied to the extent it seeks to dismiss claims for improper joinder.

Next, defendants Pierce, Hardy, Rich, Beattie, Johnnie Franklin, Walker and Colleen Franklin seek to dismiss the suit for improper venue on the grounds that defendants Pierce and Rich do not reside in a county within the Northern District of Illinois. The Court concludes that venue is proper. A civil suit may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). In this case, plaintiff alleges that all defendants are residents of Illinois and that at least one defendant (Dr. Ghosh) is a resident of Cook County, which is within this judicial district. Venue is proper.

Defendants Pierce, Hardy, Rich, Beattie, Johnnie Franklin, Walker and Colleen Franklin also move to dismiss certain claims against particular individuals for failure to state a claim.

In Count II, Phillips seeks relief for denial of access to the courts. Phillips alleges that he was denied access to the law library and to photocopying services. Phillips further alleges that these denials caused him to miss filing deadlines with respect to the grievance procedure and with respect to his criminal appeal. Defendants argue that Count II should be dismissed for failure to allege prejudice adequately. Defendants ask the Court to take judicial notice of the happenings in Phillips' other cases, which, according to defendants, show that Phillips has not been prejudiced. The Court, however, is not going to consider the merits of Phillips' claim on a motion to dismiss. It is enough, at this point, that Phillips has alleged that he missed filing deadlines. *See Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006).

In Count III, Phillips alleges that defendants Warden Hardy, Walker and Johnnie Franklin confiscated his personal property (a Walkman radio and beard trimmers) without an adequate post-deprivation remedy. These defendants move to dismiss. As these defendants point out, "[t]he Supreme Court and the Seventh Circuit have held that officers do not violate a prisoner's right to due process by confiscating and destroying property, without authority, so long as the state 'provides [the prisoner] with an adequate postdeprivation remedy." *Davenport v. City of Chi.*, 653 F. Supp.2d 885, 891 (N.D. Ill. 2009) (citing *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993)). In *Stewart*, the Seventh Circuit concluded that the Illinois Court of Claims provides an adequate post-deprivation remedy. *Stewart*, 5 F.3d at 1036. Phillips does not disagree with this statement of the law but argues, instead, that his claim is not foreclosed so long as he also alleges a denial of access to the courts. That might work if Phillips were alleging that his legal papers were confiscated, but the Court does not see how the loss of his Walkman and beard clippers could have prevented him from accessing

**STATEMENT**

the courts.  Count III is dismissed without prejudice.

Defendants Warden Pierce, Warden Hardy, Rich, Beattie, Johnnie Franklin, Walker and Colleen Franklin move to dismiss Phillips' Count IV, for retaliation.  Because the Court cannot tell from the single paragraph defendants devoted to this argument what element of Phillips' retaliation claim defendants believe is inadequately alleged, the Court declines to dismiss Count IV.

Defendants Warden Pierce and Warden Hardy move to dismiss Count I against them on the grounds that they cannot be vicariously liable for any deliberate indifference to Phillips' serious medical condition. They are correct that a supervisor is not liable unless he has personal responsibility, which means the constitutional violation occurred at his direction or that he knew about it, condoned it or turned a blind eye to it. *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).  "[A] prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition." *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *see also Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999) ("These letters put the defendants on notice of [plaintiff's] complaints.  Clearly, this satisfies the requirement that a defendant be aware of facts 'from which the inference could be drawn that a substantial risk of serious harm exists'.").  Here, Phillips alleges that because he has AIDS, he needed to take four medications every day in order to stay alive.  He alleges that if he does not take the four medications regularly and on a timely basis, he faces a substantial risk that the virus will develop resistance to the drugs and that he will suffer a decline in health and/or death.  Phillips further alleges that on many occasions while he was at Pontiac and Stateville, he was denied his medication for days or weeks at a time.  He further alleges that he filed grievances during the times when he was not receiving his medication and that those grievances went to Wardens Hardy and Pierce (at their respective prisons).  Phillips has stated a claim.  Whether he can prove it is a question for another day.

Finally, defendant Beattie, a pharmacy technologist at Stateville, moves to dismiss Count I against her for failure to state a claim.  Phillips alleges that Beattie was responsible for providing him his AIDS medications but that Beattie failed to provide them on a timely basis.  These allegations give Beattie notice of the claim against her and are sufficient to state a claim. *See Taylor v. Wexford Health Services, Inc.*, Case no. 11 C 7386, 2012 US Dist. Lexis 9260 at *14 (N.D. Ill. Jan. 26, 2012).

For these reasons, the Court grants in part and denies in part defendants' motion [47] to dismiss.